# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JADE P. SCHIEWE and, <br> (2) ZACHARY PFAFF <br>     Plaintiffs, <br> <br> v. <br> <br> (1) CESSNA AIRCRAFT COMPANY <br> and (2) SPARTAN AVIATION <br> INDUSTRIES, INC. <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 11-CV-560-JHP-FHM <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion for Remand and Brief in Support (Motion for Remand),[1] Alternative Motion of the Defendant Cessna Aircraft Company to Dismiss the Claim of Plaintiff Schiewe Against Spartan Aviation Industries, Inc.(Motion to Dismiss),[2] Defendant Cessna Aircraft Company's Motion to Sever Plaintiff Schiewe's Claim Against Spartan Aviation Industries Inc. and to Remand That Claim Only (Motion to Sever),[3] and Defendant Cessna Aircraft Company's Alternative Motion to Realign Spartan Aviation Industries as a Party Plaintiff (Motion to Realign).[4] For the reasons detailed below, Plaintiffs' Motion for Remand is **GRANTED.**[5]

## BACKGROUND

This case arises out of a September 28, 2010 airplane crash in which Plaintiff Schiewe, a

---

[1]Docket No. 14.

[2]Docket No. 16.

[3]Docket No. 17.

[4]Docket No. 19.

[5]Docket No. 14.

1

flight instructor for the aviation college of Defendant Spartan Aviation Industries, Inc. (Spartan), was flying a Cessna 172RG over Tulsa when a fire broke out in the engine compartment and spread into the cockpit of the aircraft.[6] At the time of the accident, Schiewe was providing instruction to Plaintiff Pfaff, a Spartan student.[7]

On August 29, 2011, Schiewe and Pfaff filed this action in Tulsa County District Court alleging claims against Defendant Cessna Aircraft Company (Cessna) for manufacturers' products liability, negligent manufacture and/or design, and negligent installation/maintenance instructions.[8] Schiewe further asserted a declaratory judgment action against Spartan for determination of its subrogation rights under Oklahoma workmen's compensation law.[9] The case was timely removed by Cessna from Tulsa County District Court to the Northern District of Oklahoma on September 6, 2011.[10] Cessna cited that Spartan, a non-diverse party, was improperly joined to the action, and therefore Federal jurisdiction existed under 28 U.S.C. §1332.[11]

Plaintiffs filed their Motion to Remand on October 5, 2011.[12] Defendant Cessna responded, claiming the action was properly removed because Plaintiff Schiewe failed to state an actionable

---

[6]Plaintiff's Motion for Remand at 5, Docket No. 14.

[7]*Id.* at 6.

[8]*Id.*

[9]*Id.*

[10]Docket No. 2.

[11]*Id.* at 2.

[12]*See* Docket No. 14.

2

claim against Spartan and alternatively, that Spartan should be realigned as a party plaintiff.[13] Cessna then filed a series of motions in an attempt to preserve removal, consisting of a motion to dismiss;[14] a motion to sever;[15] and a motion to realign Spartan as a party plaintiff.[16] Defendant Spartan answered Plaintiffs' Petition in this Court on December 23, 2011.[17] Each of the motions has been fully briefed by both Plaintiffs and Defendant Cessna. Defendant Spartan has not responded to the motions.

## **DISCUSSION**

Generally civil actions brought in state court are removable to federal court if the action could have originally been filed in federal court.[18] Under § 1441(b), however, a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." "Because federal courts are courts of limited jurisdiction, there is a presumption against [federal] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[19] Because of the presumption against jurisdiction, the Court strictly construes the removal statute and as a general matter, must resolve

---

[13] *See* Docket No. 15.

[14] Motion to Dismiss, Docket No. 16.

[15] Defendant Cessna Aircraft Company's Motion to Sever Plaintiff Schiewe's Claim Against Spartan Aviation Industries Inc. and to Remand That Claim Only, Docket No. 17.

[16] Defendant Cessna Aircraft company's Alternative Motion to Realign Spartan Aviation Industries as a Party Plaintiff, Docket No. 19.

[17] Docket No. 35.

[18] 28 U.S.C. § 1441(a).

[19] *See Basso v. Utah Power & Light, Co.*, 495 F.2d 906, 909 (10th Cir.1974) (citation omitted).

all doubts against removal.[20]

Defendant Cessna removed this case based on diversity jurisdiction under 28 U.S.C. § 1332, which provides that federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-[ ] citizens of different States." Diversity of citizenship does not exist unless all of the plaintiffs named in a case are diverse from all the defendants named in the case.[21]

Diversity does not exist on the face of Plaintiffs' Petition because although Defendant Cessna is incorporated under the laws of Kansas with its principal place of business in Kansas, both Plaintiff Schiewe and Defendant Spartan are citizens of Oklahoma.[22] However, Defendant Cessna argues that non-diverse Defendant Spartan was fraudulently joined.[23] If the Court should find that Spartan was not fraudulently joined, Cessna alternatively requests the Court realign Spartan as a party plaintiff or that the Court sever Plaintiff Schiewe's claim against Defendant Spartan and remand that claim alone to the state court in order to create diversity.[24] The Court looks first to Cessna's claim of fraudulent joinder in conjunction with its motion to dismiss Plaintiff Schiewe's claims against Spartan.

---

[20]*See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982).

[21]*See e.g.*, *Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp.*, 897 F .2d 461, 463 (10th Cir.1990).

[22]*See* Notice of Removal at 1, Docket No. 2 (Defendant Cessna is incorporated under the laws of Kansas, with its principal place of business in Wichita, Kansas). Defendant Spartan is an Oklahoma corporation, doing business in Tulsa, Oklahoma. *See* Answer at 1, ¶ 2, Docket No. 35; Petition at 1, ¶ 4, Docket No. 2-1.

[23]Notice of Removal at 1-2, Docket No. 2.

[24]*See* Motion to Sever, Docket No. 17; Motion to Realign, Docket No. 19.

**A. Fraudulent Joinder/ Motion to Dismiss**

Both Defendant Cessna's Notice of Removal and its Motion to Dismiss claim that Schiewe's declaratory action against Defendant Spartan is improperly or fraudulently joined. If the Court finds Plaintiff Schiewe's claims against Spartan are improperly or fraudulently joined, then Cessna's removal is proper. If the claim against Spartan is properly joined, then there is not complete diversity as required by 28 U.S.C. §1332, and this Court lacks subject-matter jurisdiction to hear this matter. For this reason, fraudulent joinder analysis is a jurisdictional inquiry.[25]

To establish that a party was joined fraudulently, Cessna must demonstrate either fraud in the recitation of jurisdictional facts or the absence of any possibility that the party has stated a claim against him in state court.[26] In cases where fraudulent joinder is claimed, the Court must "pierce the pleadings, consider the entire record and determine the basis of joinder by any means available."[27] There has been no allegation of fraud in the recitation of jurisdictional facts. Therefore, to prove an allegation of fraudulent joinder, Cessna must demonstrate that *there is no possibility* Plaintiffs would be able to establish a cause of action against Spartan in Tulsa County District Court.[28] In determining whether or not such a possibility exists, the Court must resolve all disputed questions of fact and

---

[25]*See Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir.2004).

[26]*Kansas State University v. Prince*, 673 F.Supp.2d 1287, 1295 (D.Kan.2009) (*citing Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir.1964); *Montano v. Allstate Indemnity*, 211 F.3d 1278 (Table), 2000 WL 525592, 1–2 (10th Cir.2000); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997), *cert. denied*, 523 U.S. 1072, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998)).

[27]*Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir.1964) (*citations omitted*).

[28]*Montano v. Allstate Indemnity*, 211 F.3d 1278 (Table), 2000 WL 525592,*1-*2 (10th Cir. 2000) (*citing Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000).

ambiguities in the controlling law in favor of the Plaintiffs.[29]

Defendant Cessna argues in both its response to Plaintiffs' Motion for Remand and in its companion Motion to Dismiss that there is no possibility that Plaintiff Schiewe can establish a cause of action against Spartan in the state court. Specifically, Cessna argues that Plaintiff Schiewe's action for declaratory judgment against Spartan is not yet ripe, because Spartan has no subrogation rights in the absence of a judgment against Cessna.[30] The Court disagrees.

An action for declaratory judgment is ripe if the plaintiff presents the Court with a suit based on an "actual controversy."[31] The Supreme Court has repeatedly equated this "actual controversy" requirement to the Constitution's case-or-controversy requirement.[32] "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[33]

The first inquiry is therefore whether there is a substantial controversy between parties with adverse legal interests. It is uncontested that the amount in controversy, at a minimum, exceeds $75,000, which certainly qualifies it as substantial. Further, Schiewe and Spartan currently have adverse interests in regard to Schiewe's workmen's compensation claim. Additionally, it is

---

[29]*Id.*

[30]*See* Defendant's Response in Opposition to Plaintiffs' Motion for Remand at 3-14, Docket No. 15; Motion to Dismiss at 2, Docket No. 16.

[31]*Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir.2008). *See also* Okla. Stat. tit. 12, §1651 (2011).

[32]*Id.*

[33]*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

uncontested that Spartan has a subrogation interest in any recovery Schiewe receives from Defendant Cessna. A fact which is reiterated in Spartan's Answer to Plaintiffs' claims filed in this Court.[34] This interest stems from Oklahoma workmen's compensation laws.[35]

From this alone, the Court can surmise that Spartan has an interest in minimizing Schiewe's damages with regard to Cessna in an effort to protect itself from increased liability under Oklahoma workmen's compensation laws. For example, should Schiewe fail to recover against Cessna, evidence discovered in the course of this action as to the nature and extent of Schiewe's injuries could prove financially detrimental to Spartan in subsequent workmen's compensation proceedings.

The Court also recognizes Plaintiffs' argument that while it is in Schiewe's interest to recover as much as possible from Cessna, Spartan is, at best, disinterested in any amount over and above its subrogation interest. While perhaps not diametrically adverse to one another, Schiewe's interest in the amount of recovery is likely incompatible with that of Spartan. This positioning would be readily apparent in settlement negotiations, where it would be in Spartan's best interest to settle quickly for an amount near its estimated subrogation interest in order to minimize legal fees, while it would be in Schiewe's best interest to maximize his recovery against Cessna. Considering these facts, the Court finds that, in regard to the declaratory action against Spartan, there is a substantial controversy between adverse parties.

---

[34] *See* Docket No. 35. Defendant Cessna argues Defendant Spartan's insurer, rather than Spartan, is the actual party in interest to Spartan's subrogation claim. Defendant's Response in Opposition to Plaintiffs' Motion for Remand at 2, Docket No. 15. The parties have not presented evidence of a third-party insurer, and Spartan's Answer has no mention of an insurer. Therefore, the Court proceeds under the assumption that Spartan is the actual party in interest.

[35] *See White Motor Corp. v. Stewart*, 465 F.2d 1085, 1091 (10th Cir.1972) ("Under Oklahoma law, the payer of the workmen's compensation benefits is subrogated to the claim of the injured workman against the tortfeasor.")

Next the Court moves to the "sufficient reality and immediacy" prong. Spartan has paid, and continues to pay, workmen's compensation benefits to Plaintiff Schiewe.[36] Further, Defendant Spartan has now answered Plaintiff Schiewe's Petition in this Court, praying for recovery to the full extent of its subrogation rights.[37] The fact that workmen's compensation proceedings in this matter have commenced, combined with Spartan's answer in this Court to Plaintiff Schiewe's claims, evidence to this Court that both Schiewe and Spartan believe that the subrogation issue is both real and immediate. The Court agrees with this assessment.

Finally, although the Court finds that Plaintiff Schiewe's declaratory action meets the "actual controversy" requirement, the court recognizes that the ripeness question may actually hinge on resolving the apparent ambiguity under Oklahoma law as to when Spartan's subrogation interest accrues. The Court necessarily resolves this ambiguity in favor of Plaintiff Schiewe.[38]

Plaintiff Schiewe's claim against Spartan presents a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, thus meeting the "actual controversy" requirement of declaratory actions under both federal and Oklahoma law.[39] Consequently, Schiewe's prospects for establishing a cause

---

[36]Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Remand at 7, Docket No. 20.

[37]*See* Answer at 4, Docket No. 35.

[38]*C.f. Montano*, 211 F.3d 1278, (Table), 2000 WL 525592, *1–*2 (10th Cir. 2000) (*citing Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000).

[39]*See* Okla. Stat. tit. 12, §1651 (2011) ("District courts may, in cases of actual controversy, determine rights, status, or other legal relations"). The Court notes that Plaintiff Schiewe's claim requests that this Court determine Defendant Spartan's subrogation rights, and is not a claim "for compensation alleged to be due under workers' compensation laws for injuries to persons" that would be prohibited from declaratory determination under the Oklahoma statute.

of action in state court far exceed the mere possibility required to defeat Defendant Cessna's claims of fraudulent joinder. Because an actual controversy between Schiewe and Spartan exists, Defendant Spartan has not been fraudulently joined. Defendant Cessna's Motion to Dismiss is **DENIED**.

**B. Motion to Realign the Parties**

In the alternative, Defendant Cessna has moved that Defendant Spartan be realigned as a party Plaintiff so as to create complete diversity as required by 28 U.S.C. §1332. In determining whether realignment is appropriate the Court must "scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to the real interests."[40] "Only when the parties are aligned to match the actual interests can the court determine whether § 1332 is satisfied."[41]

As the Court has discussed at length above, Plaintiff Schiewe and Defendant Spartan hold clearly adverse interests in this proceeding. The Court also points out Defendant Cessna's filing, and almost instant dismissal, of a cross-claim against Spartan for indemnification based in contract.[42] Defendant Cessna's allegations in this cross-claim indicate to the Court that Schiewe's recovery may more appropriately depend on the apportionment of liability between Defendants Cessna and Spartan. Although the cross-claim remains dismissed, it demonstrates another, albeit potential, issue in which Plaintiff Schiewe and Defendant Spartan would hold distinctly adverse positions. Because Plaintiff Schiewe and Defendant Spartan have both real and potential adverse interests, realignment is improper. Defendant Cessna's Motion to Realign the Parties is **DENIED**.

---

[40] *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir.1978).

[41] *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir.2006).

[42] *See* Docket No.'s 12 and 13 filed on October 3, 2011 and October 4, 2011 respectively.

**C. Motion to Sever**

In its final alternative motion, Defendant Cessna asks that Plaintiff Schiewe's claim against Defendant Spartan be severed from this case pursuant to Federal Rule of Civil Procedure 21 and be separately remanded to the state court.[43] The Court recognizes that Rule 21 invests this Court with the authority to sever dispensable, non-diverse parties at any time, even after judgment has been rendered.[44] Further, issues arising under Rule 21 are within the broad discretion of the trial court.[45] After reviewing the case law submitted by the parties as to the severability of Spartan, the Court finds that the ultimate question regarding severability is whether the party to be severed is indispensable.[46]

According to long held Supreme Court precedent, if a separate decree without prejudice to Spartan's rights can be made, then Spartan is dispensable, and the Court should retain jurisdiction and sever the suit as to Spartan.[47] However, if judgment by this Court in the absence of Spartan might prejudice Spartan or the other parties, severance may be improper. Therefore, the indispensability question hinges on whether any of the parties may be prejudiced by severing

---

[43]Motion to Realign at 1, Docket No. 17.

[44]*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 104 L.Ed.2d 893,109 S.Ct. 2218 (1989) (*citation omitted*).

[45]*See Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (E.D.N.Y.,1999) (*citing New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065 (2d Cir.1988)*, cert. denied,* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988)); In re *iBasis, Inc. Derivative Litig.*, 551 F.Supp.2d 122, 127 (D.Mass.2008) (*citing* 7 Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 1688)).

[46]*Newman-Green, Inc.*, 490 U.S. at 835. *But see* In re *High Fructose Corn Syrup Antitrust Litigation*, 293 F.Supp.2d 854, 862 (C.D.Ill.2003) (applying five part test to a motion for severance).

[47]*Id.* (*citing Horn v. Lockhart,* 17 Wall. 570, 21 L.Ed. 657 (1873)).

Plaintiff Schiewe's claims against Spartan. The approach is further supported by other courts' application of the Federal Rule of Civil Procedure 19(b)'s indispensability framework which focuses on prejudice.[48] Rule 19(b) provides in pertinent part:

> [T]he court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice can be lessened or avoided by:
>
> (A) protective provisions in the judgment;
>
> (B) shaping the relief; or
>
> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence will be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

The first step is assessing the extent to which a judgment rendered on the other claims in Spartan's absence would prejudice Spartan or the other parties. The Court notes that all of these claims arise out of the same occurrence. This creates an environment where there are both existing and potential claims by the Plaintiffs against both Cessna and Spartan and by Cessna against Spartan. Any decision on Schiewe's claims against Cessna, in the absence of Spartan, may in fact greatly prejudice Spartan. For instance, Cessna's dismissed claim against Spartan demonstrates that

---

[48]*See Carden v. Klucznik*, 775 F.Supp.2d 247, 251 (D.Mass.2011) (*citing H.D. Corp. of P.R. v. Ford Motor Co.*, 791 F.2d 987, 992 (1st Cir.1986) (*citation omitted*); *DCC Operating, Inc. v. Siaca* (In re *Olympic Mills Corp.*), 477 F.3d 1, 8–9 (1st Cir.2007) (*citation omitted*)).

Spartan may be prejudiced in subsequent contractual litigation by any judgment this Court may render against Cessna. Considering the very real potential for indemnification claims by Cessna against Spartan, Spartan has a vested interest in limiting any judgment against Cessna. Spartan's absence from this litigation would prejudice its ability to pursue this interest. Spartan has a further interest in settling Plaintiffs' claims against Cessna quickly in order to end all pending litigation, receive any monies due in subrogation, and minimize overall legal costs in these matters. As a non-party, Spartan would be unable to pursue these interests, creating further prejudice.

Questions of judicial economy aside, Cessna itself is prejudiced to some degree by severing Spartan and saving any possible indemnification claims it may have for another costly proceeding. Further, Plaintiff Schiewe has similar financial interest in resolving this action in two proceedings rather than the three that would be created by severance. Finally, there is the question of Plaintiff Pfaff who may ultimately have claims against both Cessna and Spartan. Pfaff's case may be similarly prejudiced by removing Spartan from this litigation.

At this juncture, the Court can conceive of no workable solution, either by protective provisions or shaping the relief, that would resolve all of these issues. Although Schiewe's declaratory action against Spartan is somewhat secondary to the main thrust of this products litigation, the Court finds that a judgment in the absence of Spartan would likely not be adequate to settle this dispute between all of the parties involved. Plaintiff Schiewe may have an adequate remedy should Spartan be severed, but the Court cannot clearly find that to be the case for the other parties involved, including Spartan itself. Considering all of this, the Court finds Spartan to be an indispensable party to this case, therefore severing Plaintiff Schiewe's declaratory action against Spartan is improper. Defendant Cessna's Motion to Sever is **DENIED**.

## CONCLUSION

Because Plaintiff Schiewe's claim against Spartan presents an actual controversy, and because both realignment and severance of the claim against Spartan are improper, Defendant Spartan is a proper party to this suit. As both Plaintiff Schiewe and Defendant Spartan are citizens of Oklahoma, there is not complete diversity of parties as is required by 28 U.S.C. §1332. As a result, this Court lacks subject-matter jurisdiction to hear this case, therefore Plaintiffs' Motion for Remand is **GRANTED**.[49] The Alternative Motion of the Defendant Cessna Aircraft Company to Dismiss the Claim of Plaintiff Schiewe Against Spartan Aviation Industries, Inc.,[50] Defendant Cessna Aircraft Company's Motion to Sever Plaintiff Schiewe's Claim Against Spartan Aviation Industries Inc. and to Remand That Claim Only,[51] and Defendant Cessna Aircraft Company's Alternative Motion to Realign Spartan Aviation Industries as a Party Plaintiff are all necessarily **DENIED**.[52]

**IT IS SO ORDERED** this 5th day of March, 2012.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[49]Docket No. 14. Because the Court is granting Plaintiffs' Motion for Remand on other grounds, the Court need not reach the argument of whether or not Defendant Spartan's subrogation rights "arise under" the workmen's compensation laws of Oklahoma and are therefore non-removable pursuant to 28 U.S.C. §1445(c).

[50]Docket No. 16.

[51]Docket No. 17.

[52]Docket No. 19.