# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JADE P. SCHIEWE and, | ) |
| | ) |
| (2) ZACHARY PFAFF | ) |
|      Plaintiffs, | ) |
| | ) |
| v. | )    **Case No. 11-CV-560-JHP-FHM** |
| | ) |
| (1) CESSNA AIRCRAFT COMPANY, and | ) |
| | ) |
| (2) SPARTAN AVIATION | ) |
| INDUSTRIES, INC. | ) |
|      Defendants. | ) |

## ORDER

Before the Court are Plaintiffs' Motion for Attorneys' Fees,[1] the Response of the Defendant,

Cessna Aircraft Company in Opposition to Plaintiffs' Motion for Attorneys' Fees,[2] and Plaintiffs'

Reply to Response of the Defendant, Cessna Aircraft Company in Opposition to Plaintiffs' Motion

for Attorneys' Fees.[3]

Plaintiffs' seek attorneys' fees and costs related to the removal and subsequent remand of

this case.[4] The associated costs include not only those for preparing Plaintiff's Motion for Remand,

but also include the cost of responsive pleadings to Defendant Cessna Aircraft Company's (Cessna)

three alternative motions seeking to (1) dismiss the claim against non-diverse Defendant Spartan

Aviation Industries, Inc. (Spartan), or in the alternative (2) sever the claims against non-diverse

---

[1]Docket No. 43.

[2]Docket No. 44.

[3]Docket No. 45.

[4]See Motion for Attorneys' Fees at 3, Docket No. 43.

Defendant Spartan, or in the alternative (3) realign non-diverse Defendant Spartan as a party plaintiff.[5] Plaintiffs allege that Defendant Cessna had no objectively reasonable basis for seeking removal, as it was clear from the face of Plaintiffs' Petition that no federal question was alleged and that the inclusion of a declaratory judgment action against non-diverse Defendant Spartan defeated complete diversity.[6] Defendant Cessna argues that complex questions of law presented an objectively reasonable basis for seeking removal.[7]

Attorneys' fees may be discretionarily awarded to the party forced to file a motion to remand. 28 U.S.C. § 1447(c).[8] The propriety of the defendant's removal is central to the determination of whether to impose fees.[9] The Supreme Court has held:

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.[10]

Although lack of complete diversity was clear from the face of Plaintiff's petition, Defendant Cessna's removal petition and subsequent motions were predicated on complex and apparently unsettled legal issues. Any of the motions, if granted, would establish this Court's jurisdiction under

---

[5]Docket No. 16, 17, 19.

[6]*See* Plaintiff's Motion for Attorneys' Fees at 3, Docket No. 43.

[7]*See* Response of the Defendant Cessna Aircraft Company in Opposition to Plaintiffs' Motion for Attorneys' Fees at 5, Docket No. 44.

[8]*Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir. 1997).

[9]*Daleske v. Fairchild Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).

[10]*Martin v. Franklin Capital Corporation, et al.*,  546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (*citations omitted*).

28 U.S.C. §1332. Underlying all of Defendant Cessna's arguments was the unclear legal position of non-diverse Defendant Spartan under Oklahoma law. The Court recognized, and addressed at length,  this lack of clarity in its Opinion and Order.[11] Both the prospect that non-diverse Defendant Spartan was either improperly aligned, and the possibility that the rights attributed to Spartan for which Plaintiff sought declaratory relief had not yet accrued, offered Defendant Cessna objectively reasonable bases for believing that complete diversity existed and that removal was proper.  For this reason, an award of attorney fees is improper. Plaintiffs' Motion for Attorneys' Fees is **DENIED**.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[11]Opinion and Order at 8, Docket No. 41